KIANG LI, Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY, Respondent.

No. 06–3425–ag.

United States Court of Appeals,
Second Circuit.

July 31, 2007.

Kiang Li, pro se, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, Washington, D.C. for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Kiang Li, a native and citizen of the People's Republic of China, seeks review of a June 26, 2006 order of the BIA affirming the November 30, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his motion to reopen his removal proceedings. *In re Kiang Li*, No. A 77 122 944 (BIA June 26, 2006), *aff'g* No. A 77 122 944 (Immig. Ct. N.Y. City, Nov. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *Secaida-Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). We review the denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The IJ did not abuse her discretion in denying, based on Li's failure to abide by the applicable time limitations, Li's motion to reopen proceedings. The IJ appropriately noted that she issued an in absentia order of removal in these proceedings in June 2000, and that Li failed to file his motion until October 2005, over five years later. *See* 8 U.S.C. § 1229a(c)(7)(C)(iii); 8 C.F.R. § 1003.23(b)(4)(ii) (stating that petitioners have 180 days to file a motion to reopen following an order for removal entered in absentia). As such, Li's motion to reopen was clearly untimely.

Furthermore, Li failed to demonstrate eligibility for any exceptions to the time limitations for motions to reopen, or show that the 180-day deadline in his case should have been equitably tolled. *See* 8 C.F.R. § 1003.23(b)(4)(iii) (stating that the time limitation does not apply if the alien "demonstrates that he or she did not receive notice or if the alien demonstrates that he or she was in federal or state custody and failure to appear was through no fault of the alien"); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000) (holding that equitable tolling applies to the filing deadlines for motions to reopen and a claim of ineffective assistance of counsel may be grounds for equitable tolling). Even assuming his absence at his hearing was attributable to ineffective assistance of counsel, Li did not demonstrate that he exercised due diligence during the five-year period he seeks to toll. *See id.* at 135 (explaining that equitable tolling on the basis of ineffective assistance of counsel is available only if the alien can demonstrate that she has "exercised due diligence in

pursuing the case during the period the alien seeks to toll").

■ Li also failed to present any material evidence of changed country conditions to substantiate his claim that he would likely be sterilized upon return to China on account of his three children born in the United States. *See* 8 C.F.R § 1003.2(c)(3)(ii) (stating that an asylum applicant may, at any time, move to reopen his case "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"). The IJ individually evaluated several documents submitted by Li, including recent Department of State reports and the Aird affidavit, and concluded, consistently with precedent of this Court and the BIA, that those documents did not establish a policy of forced sterilization. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best"); *Wei Guang Wang*, 437 F.3d 270, 274–76 (2d Cir.2006) (holding that when the BIA is asked to consider "the oft-cited Aird affidavit" and other such evidence, "it may do so in a summary fashion without a reviewing court presuming that it has abused its discretion").

■ The documents recently addressed by this Court in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006) (two documents reflecting 2003 decisions of the Changle City Family-Planning Administration and the Fujian Province Department of Family–Planning Administration and a 1999 document titled "Q & A for Changle City Family–Planning Information Handbook"), also do not warrant remand in this case. Even assuming that the documents discussed in *Shou Yung Guo* (the "*Guo* documents") indicate a policy of mandatory sterilization for individuals with two or more children, Li did not submit these documents in support of his motion to reopen. And while we have suggested that we may have "inherent power" to take judicial notice of the *Guo* documents and to remand a decision to the BIA on the basis of their "apparent[ ] reflect[ion]" of an official policy of forced sterilization in the Fujian province, *Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48, 52 (2d Cir.2007) (per curiam), we have now concluded "that the exercise of such an inherent power"—to the extent it exists—is not yet warranted if "(i) the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and (ii) the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007). Here, Li did not submit any of the *Guo* documents to the BIA in support of his motion, and Li could, under the agency regulations, file another motion to reopen the proceedings before the BIA for the taking of additional evidence. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (stating that an additional motion to reopen is not barred if it is "based on changed circumstances arising in the country of nationality or in the country which deportation has been ordered"). The existence of the *Guo* documents, therefore, does not alter our conclusion that the BIA's denial of Li's motion to reopen was proper.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).